UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRISCILLA DOSS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FRANCISCAN HEALTH SYSTEM d/b/a ST. JOSEPH MEDICAL CENTER, <br><br> Defendant. | CASE NO. C11-5163BHS <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND ATTORNEY'S FEES |

This matter comes before the Court on Plaintiffs' Motion for Remand and Attorney's Fees (Dkt. 5). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 24, 2011, Plaintiffs Priscilla Doss, Theonie Labee, Patrice Miller, Patricia Norris, and Mary Hayes ("Plaintiffs") filed a complaint against Defendant Franciscan Health System d/b/a St. Joseph Medical Center ("St. Joseph") in the Washington State Superior Court in and for the County of Pierce. Dkt. 2, Declaration of Elena C. Burt, Exh. B ("Complaint"). Plaintiffs assert nine causes of action: (1) race

ORDER - 1

discrimination; (2) national origin discrimination; (3) hostile work environment; (4) "disparate treatment"; (5) "disparate impact"; (6) unlawful retaliation; (7) negligence, negligent infliction of emotional distress, negligent hiring, retention and supervision; (8) intentional infliction of emotional distress, outrage; and (9) wrongful discharge (actual and constructive).  Complaint, ¶¶ 6.1-6.9.  Each Plaintiff alleges that she "was regularly cut from shifts and not allowed over-time when Caucasian employees were allowed special privileges."  *Id.*, ¶¶ 5.2.6, 5.2.6 [sic], 5.3.5, 5.4.5, & 5.5.5.

On March 2, 2011, St. Joseph removed the action to this Court.  Dkt. 1.  On March 15, 2011, Plaintiffs filed a Motion for Remand and Attorney's Fees.  Dkt. 5.  On April 4, 2011, St. Joseph responded.  Dkt. 13.  Plaintiffs did not reply.

## II.  DISCUSSION

Plaintiffs argue that no basis for removal exists because the "Complaint does not allege any federal causes of action."  Dkt. 5 at 2.  St. Joseph counters that federal jurisdiction is conferred based on section 301(a) of the Labor Management Relations Act, which covers "[s]uits for violations of contracts between an employer and a labor organization."  Dkt. 13 at 3 (citing 29 U.S.C. § 185(a)).

A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983).  "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement and any state claim whose outcome depends on analysis of the terms of the agreement."  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted).

In this case, Plaintiffs allege that they were wrongfully "cut" from shifts.  The Collective Bargaining Agreement ("CBA") that governs Plaintiffs' employment with St. Joseph includes a provision regarding the "cutting" of shifts.  *See* Dkt. 13, Declaration of Sharon Royne, ¶¶ 3-4 and Exh. A at 8-9.  St. Joseph asserts that Plaintiffs' allegations and

ORDER - 2

causes of action require the Court to interpret this provision of the CBA and, therefore, Plaintiffs' state law claims depend on an analysis of the terms of the CBA. Plaintiffs disagree. The Court concludes from the pleadings that it will be required to interpret the provisions of the CBA and as a result, federal jurisdiction has been conferred.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' Motion for Remand and Attorney's Fees (Dkt. 5) is **DENIED**.

DATED this 12th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3