UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRISCILLA DOSS, individually, et al.;

　　　　　Plaintiffs,

　　v.

FRANCISCAN HEALTH SYSTEM,
d/b/a/ ST. JOSEPH MEDICAL CENTER,

　　　　　Defendant.

CASE NO. C11-5163BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION TO
AMEND COMPLAINT

　　This matter comes before the Court on Plaintiffs Priscilla Doss, Theonie Labee, Patrice Miller, Patricia Norris, and Mary Hayes' ("Plaintiffs") motion to amend (Dkt. 17). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

　　On January 24, 2011, Plaintiffs filed a complaint against Defendant Franciscan Health System, d/b/a St. Joseph Medical Center ("SJMC"), in the Washington State Superior Court in and for the County of Pierce. Dkt. 2, Declaration of Elena C. Burt, Exh. B ("Complaint"). Plaintiffs assert nine causes of action: (1) race discrimination; (2) national origin discrimination; (3) hostile work environment; (4) "disparate treatment"; (5) "disparate impact"; (6) unlawful retaliation; (7) negligence, negligent infliction of emotional distress, negligent hiring, retention and supervision; (8) intentional infliction of emotional distress, outrage; and (9) wrongful discharge (actual and constructive). Complaint, ¶¶ 6.1-6.9. Each Plaintiff alleges that she "was regularly cut from shifts and

not allowed over-time when Caucasian employees were allowed special privileges." *Id.*, ¶¶ 5.2.6, 5.2.6 [sic], 5.3.5, 5.4.5, & 5.5.5.

On July 27, 2011, Plaintiffs filed a motion to amend their complaint to add causes of action for "unlawful discrimination in violation of public policy and the common law, and for violation of 42 U.S.C. § 1981; 42 U.S.C. § 12132; and Title VII of the Civil Rights Act of 1964." Dkt. 17 at 1. On August 8, 2011, SJMC responded. Dkt. 19. On August 12, 2011, Plaintiffs replied. Dkt. 21.

## II. FACTUAL BACKGROUND

On June 28, 2010, Plaintiff Theonie Labee ("Labee") filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation. Dkt. 20, Declaration of Keelin A. Curran ("Curran Decl."), Exh. 2. On February 24, 2011, the EEOC mailed Labee a notice of its dismissal of her Charge of Discrimination and notice of her right to file suit. Dkt. 17-1, Declaration of Chad Arceneaux ("Arceneaux Decl."), Exh. 3.

On August 23, 2010, Plaintiff Priscilla Doss ("Doss") filed a Charge of Discrimination with the EEOC alleging discrimination based on her race and retaliation. Curran Decl., Exh. 1. On June 23, 2011, the EEOC mailed Doss a notice of her right to sue. Arceneaux Decl., Exh. 2.

On September 30, 2010, Plaintiff Patrice Miller ("Miller") filed a Charge of Discrimination alleging discrimination based on her race. Curran Decl., Exh 3. On March 24, 2011, the EEOC mailed Plaintiff Patrice Miller a notice of her right to file suit. Arceneaux Decl., Exh. 4.

On October 29, 2010, Plaintiff Patricia Norris ("Norris") filed a Charge of Discrimination with the EEOC alleging discrimination based on her race, her color, her age, and retaliation. Curran Decl., Exh 4. On April 29, 2011, mailed Norris a notice of her right to sue. Arceneaux Decl., Exh. 5.

ORDER - 2

On August 23, 2010, SJMC terminated Plaintiff Mary Hayes ("Hayes") employment. Curran Decl., Exh. 5. On June 22, 2011, Hayes filed a Charge of Discrimination with the EEOC alleging discrimination based on race and age. Curran Decl., Exh. 5. On July 6, 2011, the EEOC mailed Plaintiff Mary Hayes a notice of her right to file suit. Arceneaux Decl., Exh. 6.

## III. DISCUSSION

Leave to amend shall be given freely when justice so requires. Fed. R. Civ. P. 15(a)(2). When deciding whether to grant leave to add new claims, courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In this case, SJMC argues that the Court should deny certain proposed amendments because they would be futile. Dkt. 19 at 2. SJMC asserts that some of Plaintiffs' claims are barred as untimely and some are barred because the claims were not included in the charges filed with the EEOC. *Id*.

**A.    Timeliness**

Aggrieved individuals who wish to file suit or to intervene in a suit brought by the EEOC on their behalf are ordinarily required to exhaust their administrative remedies. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). Plaintiffs exhaust their administrative remedies by, inter alia, filing a charge of discrimination with the EEOC within the limitation period contained in Section 2000e–5(e). The statute requires a plaintiff to file her charge with the EEOC within 180 days of the date of the unlawful employment practice. 42 U.S.C. § 2000e-5(e).

If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period is a statute of limitations. *Scholar v.*

ORDER - 3

*Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred. *Id*. at 267.

In this case, SJMC argues that Hayes' charge was untimely because she filed her charge 367 days after her employment was terminated by SJMC. Dkt. 19 at 5. Hayes provides no argument or authority to the contrary. Therefore, the Court denies Hayes leave to amend the complaint to add a claim under Title VII.

With regard to Labee and Miller, SJMC argues that their Title VII claims are barred because they did not file a civil action within ninety days after they received a notice of right to sue. Dkt. 19 at 6-8. Although Labee and Miller argue that this limitations period is subject to equitable tolling in some instances, they have failed to provide any authority for the proposition that the filing of an action in state court asserting only state law causes of action tolls the limitations period for these federal law claims. Therefore, the Court denies Labee and Miller's motion to add claims under Title VII. Defendant does not contest Doss' motion to add Title VII claims. Therefore, the Court grants Doss's motion on this issue.

**B. Relatedness**

"Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Green v. Los Angeles Cty. Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprent. & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984)).

In this case, SJMC argues that the Court should deny Plaintiffs' motion to amend the complaint to add claims of sexual discrimination and harassment because no Plaintiff included these claims in her charge to the EEOC. Dkt. 19 at 8-10. The Court agrees and, therefore, denies Plaintiffs' motion to add these claims.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to amend complaint (Dkt. 17) is **GRANTED in part** and **DENIED in part** as stated herein.  Plaintiffs shall file an amended complaint consistent with this order no later than September 9, 2011.

DATED this 30th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge