UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRISCILLA DOSS, individually, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>FRANCISCAN HEALTH SYSTEM,<br>d/b/a/ ST. JOSEPH MEDICAL CENTER,<br><br>　　　　　　　Defendant. | CASE NO. C11-5163BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE JURY DEMAND AND AMENDED COMPLAINT |

　　　　This matter comes before the Court on Defendant Franciscan Health System, d/b/a St. Joseph Medical Center's ("SJMC") motion to strike jury demand and amended complaint (Dkt. 24). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

　　　　On January 24, 2011, Plaintiffs Priscilla Doss, Theonie Labee, Patrice Miller, Patricia Norris, and Mary Hayes ("Plaintiffs") filed a complaint against SJMC, in the Washington State Superior Court in and for the County of Pierce. Dkt. 2, Declaration of Elena C. Burt, Exh. B ("Complaint"). Plaintiffs asserted nine causes of action: (1) race discrimination; (2) national origin discrimination; (3) hostile work environment; (4) "disparate treatment"; (5) "disparate impact"; (6) unlawful retaliation; (7) negligence, negligent infliction of emotional distress, negligent hiring, retention and supervision; (8) intentional infliction of emotional distress, outrage; and (9) wrongful discharge (actual and constructive). Complaint, ¶¶ 6.1-6.9. Each Plaintiff alleges that she "was regularly

ORDER - 1

cut from shifts and not allowed over-time when Caucasian employees were allowed special privileges." *Id.*, ¶¶ 5.2.6, 5.2.6 [sic], 5.3.5, 5.4.5, & 5.5.5.

On July 27, 2011, Plaintiffs filed a motion to amend their complaint to add causes of action for "unlawful discrimination in violation of public policy and the common law, and for violation of 42 U.S.C. § 1981; 42 U.S.C. § 12132; and Title VII of the Civil Rights Act of 1964." Dkt. 17 at 1. On August 5, 2011, Plaintiffs filed a jury demand. Dkt. 18.

On August 30, 2011, the Court granted in part and denied in part Plaintiffs' motion to amend. Dkt. 22. The Court ordered Plaintiffs to file their amended complaint by September 9, 2011. *Id.* On October 17, 2011, Plaintiffs filed their amended complaint. Dkt. 23.

On October 24, 2011, SJMC filed a motion to strike Plaintiffs' jury demand and amended complaint. Dkt. 24. On November 7, 2011, Plaintiffs responded. Dkt. 26. On November 11, 2011, SJMC replied. Dkt. 30.

## II. DISCUSSION

With regard to SJMC's motion to strike Plaintiffs' jury demand, Plaintiffs do not oppose the motion. Dkt. 26 at 1. Therefore, the Court grants SJMC's motion on this issue and Plaintiffs' demand for a jury is hereby stricken.

With regard to SJMC's motion to strike Plaintiffs' amended complaint, a court may dismiss an action when a plaintiff fails to timely comply with a court order or rule. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (acknowledging district court may dismiss action for failure to comply with any court order). When determining whether dismissal is appropriate, a court is to weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

ORDER - 2

drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). The law presumes prejudice from unreasonable delay. *Id*. at 1227.

In this case, Plaintiffs failed to timely file their amended complaint as ordered by the Court. SJMC requests that the Court sanction Plaintiffs by striking Plaintiffs' amended complaint leaving Plaintiffs the ability to only prosecute the claims presented in their original complaint. Dkt. 24 at 3-4. The Court requests that amended pleadings be separately filed for organizational and clarity purposes. The prejudice suffered by SJMC is *de minimus* at best. SJMC was aware of the substance of the amended complaint because of the Court's order allowing some claims to be added while denying others. Plaintiffs' failure to timely file a clear version of these claims should not be considered unreasonable delay or prejudicial to SJMC. Although Plaintiffs' failure to abide by deadlines is concerning, it should not, at this time, be dispositive as to the merits of their alleged causes of action. Therefore, the Court denies SJMC's motion to strike Plaintiffs' amended complaint.

### III.  ORDER

Therefore, it is hereby **ORDERED** that SJMC's motion to strike jury demand and amended complaint (Dkt. 24) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 19th day of December, 2011.

BENJAMIN H. SETTLE  
United States District Judge

ORDER - 3