UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRISCILLA DOSS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FRANCISCAN HEALTH SYSTEM d/b/a<br>ST. JOSEPH MEDICAL CENTER,<br><br>        Defendant. | CASE NO. C11-5163 BHS<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR ATTORNEY'S FEES<br>AND COSTS |

This matter comes before the Court on Defendant Franciscan Health System d/b/a St. Joseph Medical Center's ("SJMC") motion for attorney's fees and costs (Dkt. 104). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 24, 2011, Plaintiff Patricia Norris ("Norris") and other plaintiffs filed a complaint against SJMC alleging various employment discrimination practices. Dkt. 2,

ORDER - 1

1  Declaration of Elena C. Burt, Exh. B.  Norris's claims were the only claims that

2  proceeded to summary judgment, and, on October 18, 2012, the Court granted summary

3  judgment in favor of SJMC.  Dkt. 102.

4        On November 1, 2012, SJMC filed the instant motion for an award of "its

5  attorney's fees and costs associated with the unreasonable and unnecessary pursuit of

6  groundless claims by [Norris] and her counsel."  Dkt. 104 at 1.  On November 5, 2012,

7  Norris responded.  Dkt. 106.  On November 16, 2012, SJMC replied.  Dkt. 107.

8        **II. DISCUSSION**

9        "A district court may in its discretion award attorney's fees to a prevailing

10  defendant in a Title VII case upon a finding that the plaintiff's action was frivolous,

11  unreasonable, or without foundation, even though not brought in subjective bad faith."

12  *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1992) (quoting *Christiansburg*

13  *Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978)).  The Court may also require an

14  attorney to satisfy the opposing party's costs if the attorney "so multiplies the

15  proceedings . . . unreasonably and vexatiously . . . ."  28 U.S.C. § 1927.

16        In this case, SJMC contends that the Court should grant an award of fees and costs

17  under both or either of these doctrines.  Norris counters that the Court "hastily" granted

18  summary judgment and questions the correctness of that decision.  Dkt. 106 at 1–2.

19  Regardless of this position, SJMC has failed to show that Norris's claims were frivolous

20  or the costs of litigation were unreasonably multiplied.  The Court granted summary

21  judgment on the basis that SJMC conducted a prompt and reasonable investigation into

22  Norris's claims of discrimination (Dkt. 102 at 9) and that, even though offensive

1 utterances were present in the workplace, the conduct was not sufficiently severe or
2 pervasive to raise a question of fact for trial (*id*. at 10).  Therefore, the Court denies
3 SJMC's motion because the Court is unable to find that Norris's claims were frivolous or
4 unreasonable.

### III. ORDER

Therefore, it is hereby **ORDERED** that SJMC's motion for attorney's fees and costs (Dkt. 104) is **DENIED**.

Dated this 11th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge